UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60114-CIV-SMITH

ZHEJIANG DONGRI IMPORT & EXPORT
CO., LTD.,

      Plaintiff,

v.

NEOPTX LLC,

      Defendant.
_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Zhejiang Dongri Import & Export Co., Ltd.'s amended motion for final default judgment ("Motion") [DE 12] against Defendant Neoptx LLC. For the reasons discussed below, the Motion is denied without prejudice.

First, it is unclear from the record whether the Court has subject matter jurisdiction over this matter. In the Complaint [DE 1], Plaintiff invokes the Court's diversity jurisdiction. (Compl. ¶ 5.) Defendant is a Florida corporation with its principal place of business in Florida. (*Id*. ¶ 2.) The Complaint alleges that Plaintiff "maintains its principal place of business" in China. (*Id.* ¶ 1.) In a declaration in support of the Motion, Plaintiff's counsel similarly states that Plaintiff "is a China-based manufacturer of eyewear." (Mazzola Decl. [DE 12-1] ¶ 4.)

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a). A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This rule also applies to foreign

corporations. *See Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) ("[T]he 2012 amendments to § 1332(c) explicitly impute to corporations citizenship in every State or foreign state where the company is incorporated and in the State or foreign state where the company has its worldwide principal place of business.").

The Complaint fails to adequately plead subject matter jurisdiction because it has not pled Plaintiff's citizenship. Plaintiff merely alleges that it maintains its principal place of business in China. Without allegations concerning Plaintiff's citizenship, the Court cannot conclude that diversity jurisdiction exists in this case and, therefore, cannot proceed on Plaintiff's Motion.

Additionally, the Motion is deficient. "In seeking a default judgment, the [p]laintiffs bear the burden of proving damages." *Rensel v. Centra Tech, Inc.*, No. 17-24500-CIV, 2019 WL 6828270, at *3 (S.D. Fla. Dec. 13, 2019) (citing Fed. R. Civ. P. 55(b)(2)). "They may do so through affidavits and other documentary evidence showing the amount and calculation of damages." *Id.* Here, Plaintiff seeks $298,432.80, plus prejudgment interest and costs. Yet, Plaintiff has provided no computation and evidence regarding recoverable costs under 28 U.S.C. § 1920. *See Stevens v. ACR Sales & Serv., Inc.*, No. 608-CV-421-ORL-31KRS, 2008 WL 2275529, at *1 (M.D. Fla. May 31, 2008) (finding that plaintiff's request for an award of costs in the motion for default judgment must be supported with evidence of costs "actually and necessarily incurred and [which] are recoverable under the law."). Hence, Plaintiff fails to carry its burden and the Court cannot award costs based on the current evidence in the record. Accordingly, it is

**ORDERED** that:

1) Plaintiff's amended motion for final default judgment [DE 12] is **DENIED WITHOUT PREJUDICE**.

2)  No later than **June 9, 2020**, Plaintiff shall file a second amended motion for final default judgment.  The motion shall be accompanied by evidence to support this Court's subject matter jurisdiction, the entry of final default, and Plaintiff's request for damages.  Further, the motion must be properly titled as such and shall comply with the Local Rules of the Southern District of Florida.  Plaintiff shall serve Defendant with a copy of the motion and supporting materials.

3) Plaintiff's initial motion for final default judgment [DE 10] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of May 2020.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**

cc: All parties of record