IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------x
ZHEJIANG DONGRI IMPORT & EXPORT　　　　　　　　CM/ECF
CO., LTD., d/b/a Pilot Optics,

       Plaintiffs,　　　　　　　　　　　　Civil Action No.:
　　　　　　　　　　　　　　　　　　　　　　　　　　20-CV-60114-RS
  -against-

NEOPTX LLC,　　　　　　　　　　　　　　　　　　Hon. Rodney Smith, USDJ

       Defendant.
-----------------------------------------------------------------x

**Declaration in Support of Renewed Motion for a Default Judgment**

  I, Jean-Claude Mazzola, hereby declare as follows:

  1. I am an attorney with the firm of Mazzola Lindstrom, LLP, counsel for plaintiff Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics ("Pilot Optics").

  2. Having reviewed the file maintained for the prosecution of this action, I am familiar with the facts stated herein.

  3. In accordance with Fed. R. Civ. P. 55(a) and (b)(2), I make this declaration in support of Pilot Optics' request for a default judgment of $298,432.80, plus pre-judgment interest, and costs and disbursements in the amount of $550.50 (or such amount deemed reasonable by the court) against defendant Neoptx LLC.

  4. As set forth in the accompanying amended complaint, exhibit "1" hereto (see ¶2 & ¶5)[1] and as corroborated by the accompanying declaration of Nancy Guo (executed using her

---

[1] The amended complaint was served upon defendant Neoptx by mail on May 27, 2020, and was docketed, along with the declaration of service on that date. (See DE14).

1

official Chinese name "Guo Nan"),[2] Pilot Optics is a citizen of the People's Republic of China, where it was formed as a limited liability company, and maintains its principal place of business at 92 AiDengQiao, Wenzhou, Zhejiang, People's Republic of China. (See exhibit "2" hereto, ¶3) Ms. Guo confirms in her declaration (at ¶3) that none of the owners of interests in Pilot Optics are citizens of the State of Florida. Rather, all owners of interests in Pilot Optics are citizens of the People's Republic of China. (*Id.*)

5. As alleged in the amended complaint, and as corroborated by Ms. Guo's declaration, defendant Neoptx ordered $298,432.80 in eyewear from Pilot Optics, which goods were timely delivered to Neoptx, and accepted without objection as to their quantity or quality.

6. The original complaint was filed on January 17, 2020, at which time I emailed defendant's principals and advised of same. Not having heard any response, I thereafter caused the complaint to be served upon Neoptx on February 5, 2020, and the affidavit of service was duly docketed. (See exhibit "3").

7. Thereafter, I telephoned and sent several emails to Neoptx's principals, advising that they should retain counsel, to no avail. (Collected emails are attached as exhibit "4").

8. On March 4, 2020, the clerk docketed a Certificate of Default (DE9). (See exhibit "5").

9. On May 27, 2020, this court denied the prior motion for default, with leave to renew, on the ground that Pilot Optics' citizenship in China was not adequately alleged. We trust the amended complaint, and the accompanying declaration of Ms. Guo, confirm to the court's

---

[2] In the prior application for default, Ms. Guo Nan signed her declaration using her English name "Nancy Guo." In my communications with Ms. Guo, she has used her official Chinese name and her informal English name interchangeably, as is quite common when dealing with citizens of China. Nancy Guo's initial declaration is also included with exhibit "2," along with the exhibits thereto, comprising the invoices for the goods purchased by Neoptx from Pilot Optics.

satisfaction that diversity of citizenship exists. Accordingly, to correct the pleading error, I served and filed the amended complaint on May 27th, as aforementioned.

      10.     Additionally, the court denied, with leave to renew the claim for costs and disbursements, as the claim was not sufficiently supported by the moving papers. Attached hereto as exhibit "6" is my law firm's spreadsheet of costs and disbursements reasonably and necessarily incurred in the prosecution of this matter, which costs and disbursements I declare to be true and accurate. These costs, totaling $550.50, include the filing fee of $400, to file this case in this court, and the service-of-process fee of $150.50. While my firm had other incidental expenses, we waive any claim for them. Of course, I defer to the court's good judgment as to the reasonableness of the fee for service of process, and will consent to any lesser number that the court deems appropriate.

      WHEREFORE, plaintiff Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics demands judgment against defendant: (a) for $298,432.80; (b) for prejudgment interest at the statutory rate from the date of loss, plus costs and disbursements of $550.50, or such lesser amount as may be deemed reasonable and appropriate by the court; and (c) for such other and further relief as this court deems proper and just.

      I declare under penalty of perjury that the foregoing statements are true and correct.

Dated:  New York, New York  
          June 3, 2020

MAZZOLA LINDSTROM LLP  
*/s/ Jean-Claude Mazzola*  
Jean-Claude Mazzola  
*Attorneys for plaintiff*  
1350 Avenue of the Americas, 2nd Floor  
New York, NY 10019  
Tel: (646) 216-8585  
jeanclaude@mazzolalindstrom.com