UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60114-CIV-SMITH

ZHEJIANG DONGRI IMPORT & EXPORT
CO., LTD.,

      Plaintiff,

v.

NEOPTX LLC,

      Defendant.
_____/

## ORDER DENYING RENEWED MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Zhejiang Dongri Import & Export Co., Ltd.'s Renewed Motion for Default Judgment ("Renewed Motion") [DE 15] against Defendant Neoptx LLC.  On May 27, 2020, the Court denied Plaintiff's first motion for default judgment for failure to support its request for costs and because the Complaint [DE 1] failed to plead subject matter jurisdiction.  (Order [DE 13] at 1-3.)  To cure deficiencies discussed in the Court's order, Plaintiff filed an Amended Complaint [DE 14] and this Renewed Motion.  For the reasons discussed below, the Renewed Motion is denied.

      **I.**      **Jurisdiction**

In the May 27, 2020 Order, the Court denied Plaintiff's first motion for default judgment because Plaintiff had not properly alleged the citizenship of the parties in this action for the Court to assess its subject matter jurisdiction.  (Order at 1-2.)  In the Amended Complaint, Plaintiff alleges it is a Chinese limited liability company with its principal place of business in China while Defendant is a Florida corporation with its principal place of business in Florida.  (Am. Compl. ¶ 5.)  "[A] limited liability company is a citizen of any state of which a member of the company is a

citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Amended Complaint lacks allegations about the citizenship of each member of the limited liability company. Hence, Plaintiff still fails to plead complete diversity and has not pled subject matter jurisdiction. Therefore, the Court cannot reach the merits of the Renewed Motion and it must be denied.

## II.   Service of Process

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. In pertinent part, the Rule allows a plaintiff to serve a corporation:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This is an action in Florida and service was purportedly made in Florida. Hence, Florida law regarding service of process applies.

In Florida, service of process on a corporation is governed by section 48.081, Florida Statutes, which provides in pertinent part:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state . . .
>
> (3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

Fla. Stat. § 48.081(1)-(3) (2020). "Because of the fundamental constitutional implications of service of process, 'statutes governing service of process are to be strictly construed and enforced.'" *Barberi v. Miami Auto Experts, Inc.*, No. 17-CV-21188-CIV, 2017 WL 4553452, at *3 (S.D. Fla. Oct. 12, 2017) (quoting *McDaniel v. FirstBank Puerto Rico*, 96 So .3d 926, 928 (Fla. 2d DCA 2012)).

Upon reviewing the Affidavit of Service [DE 7] filed by Plaintiff, the Court concludes that Defendant was not properly served with a copy of the original complaint and summons. The Affidavit provides that on February 5, 2020, the process server delivered a copy of the summons and complaint to "Lourdes DeJesus as Customer Service for Neoptx LLC, at . . . 3201 Commerce Parkway, c/o Registered Agent Scott Orlinsky, Miramar, FL 33025 . . . ." A review of the state's database of Florida corporations, located at sunbiz.org, reflects that the address at which the process server delivered the documents is in fact Defendant's principal place of business. It is also the address provided for Scott Orlinsky, Defendant's registered agent and an officer in the company.

However, service was improper because Plaintiff did not serve an officer or managing agent as required by Rule 4(h) or section 48.081, and it did not provide any reasons to explain the necessity of substituted service. Service on Defendant's "customer service" personnel is

insufficient, especially absent evidence that Lourdes DeJesus was a business agent authorized to accept service for the company. *See Dawes-Ordonez v. Kircaali*, No. 09-60359-CIV, 2010 WL 11505199, at *2-3 (S.D. Fla. May 7, 2010) (finding that plaintiff did not serve the corporate defendant where she failed to deliver "a copy of the summons and of the complaint to an officer, a managing agent, or a general agent" but rather delivered the documents to an accounts payable administrator who was not authorized to accept service for the company); *Nationsbanc Mortg. Corp. v. Gardens N. Condo. Ass'n, Inc.*, 764 So. 2d 883, 884-85 (Fla. 4th DCA 2000) (finding that default judgment should have been vacated against the corporate defendant where the plaintiff had served the corporation's administrative assistant; serving "a random employee of the corporation" without a "showing of the necessity for substituted service" is insufficient under section 48.081).

Plaintiff also failed to serve the registered agent, Scott Orlinsky, and has not shown that the registered agent has failed to comply with his statutory obligations or that Lourdes DeJesus is an employee of the registered agent. Hence, Defendant also has not been served under section 48.081(3)(a). Therefore, this Court does not have personal jurisdiction over Defendant and cannot enter default judgment. Accordingly, it is

**ORDERED** that:

1) Plaintiff's renewed motion for default judgment [DE 15] is **DENIED WITHOUT PREJUDICE**.

2) Plaintiff shall file a second amended complaint no later than **July 2, 2020**, and shall effectuate service on Defendant, Neoptx LLC, no later than **July 23, 2020**. Failure to do so shall result in dismissal without prejudice and without further notice from the Court.

3) After service has been effectuated, and after the time for Defendant to appear has

passed, Plaintiff shall file a second motion for clerk's default prior to moving for default judgment.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of June 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All parties of record