MAZZOLA LINDSTROM, LLP
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(c) 646.250.6666
jean-claude@mazzolalindstrom.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------x
ZHEJIANG DONGRI IMPORT & EXPORT      **CM/ECF**
CO., LTD., d/b/a Pilot Optics,

                       Plaintiffs,     **Civil Action No.:**
                                                                 **20-cv-60114-R**
     -against-

NEOPTX LLC,     **Second Amended Complaint**

                       Defendant.
-------------------------------------------------------------------x     **Jury Trial Demanded**

      Plaintiff Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics ("Pilot Optics"), through its undersigned attorneys, alleges as follows for its complaint against defendant NEOPTX LLC upon information and belief:

### Parties

1.     At all material times, plaintiff Pilot Optics was and is a citizen of the People's Republic of China, where it was formed as a limited liability company, and maintains its principal place of business at 92 AiDengQiao, Wenzhou, Zhejiang, People's Republic of China, and is engaged in the manufacture and sale of eyewear products.

2.     As of the date of the filing of the complaint herein, plaintiff's owners are Wenzhou International Business Group Co., Ltd., Xie Mingming and Li Haibo, and

1

    a. Owner Wenzhou International Business Group Co., Ltd. is a citizen of the People's Republic of China, and maintains its principal place of business at No 60, Gean Road, Wenzhou, People's Republic of China.

    b. Owner Xie Mingming is a citizen of the People's Republic of China.

    c. Owner Xie Mingming resides in the People's Republic of China.

    d. Owner Xie Mingming has no residence in the State of Florida.

    e. Owner Li Haibo is a citizen of the People's Republic of China.

    f. Owner Li Haibo resides in the People's Republic of China.

    g. Owner Li Haibo has no residence in the State of Florida.

3. At all material times, defendant NEOPTX LLC was and is a citizen of the State of Florida, having been formed in Florida, having its principal office located at 3201 Commerce Parkway, Miramar, Florida 33025, and having no members that are citizens, residents or domiciliaries of the People's Republic of China.

4. Upon information and belief, as of the date of the filing of the complaint herein defendant NEOPTX, LLC is owned by all or some of the following individuals: Benjamin Schwartz, Myron Orlinsky, and Scott Orlinsky, and

    a. Upon information and belief, Benjamin Schwartz is a domiciliary of the State of Florida, with no residence in the People's Republic of China.

    b. Upon information and belief, Myron Orlinsky is a domiciliary of the State of Florida, with no residence in the People's Republic of China.

    c. Upon information and belief, Scott Orlinsky is a domiciliary of the State of Florida, with no residence in the People's Republic of China.

5. At the material times alleged herein, defendant NEOPTX, LLC ordered eyeglasses, eyeglass cases and pouches from plaintiff Pilot Optics.

6. At the material times alleged herein, the goods ordered by defendant NEOPTX, LLC were timely delivered to defendant, and accepted without complaint as to timeliness of the delivery, or as to the quality of the goods, but defendant has failed to pay for such goods, thus owing plaintiff at the time of the filing of this complaint $298,432.80.

**Jurisdiction and Venue**

7. This court possesses jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as there is diversity between a citizen of a foreign state (plaintiff Pilot Optics, which was formed in the People's Republic of China, where it maintains its principal place of business, and where all of its owners are domiciled) and a citizen of the State of Florida (NEOPTX LLC, which was formed in the State of Florida, where it maintains its principal place of business, and has no members who are citizens, residents or domiciliaries of the People's Republic of China), and the amount in controversy exceeds $75,000.00.

8. Venue is proper in this case pursuant to 28 U.S.C. §1391(b), as NEOPTX LLC's principal place of business – according to the website of the Division of Corporations of the State of Florida, as of the date of the filing of this complaint – is 3201 Commerce Parkway, Miramar, Florida 33025, thus within Broward County and within the the United States District for the Southern District of Florida.

## Background

9. This is an action to recover moneys due for the goods sold by Pilot Optics to NEOPTX LLC.

10. In September 2018 through January 2019, Pilot Optics and NEOPTX LLC entered into seven sales contracts (the "invoices") for the purchase of eyewear and pouches.

11. The invoices were labeled and consisted of:
    a. 18MM2605D dated September 13, 2018 for a contract price of $60,037.20;
    b. 18MM2605E dated September 19, 2018 for a contract price of $54,248.40;
    c. 18MM2608A dated November 17, 2018 for a contract price of $9,986.40;
    d. 18MM2608B dated November 26, 2018 for a contract price of $73,418.40;
    e. 18MM2608C dated December 13, 2018 for a contract price of $17,712.00;
    f. 18MM2609 dated January 11, 2019 for a contract price of $48,038.40;
    g. 18MM2610 dated January 11, 2019 for a contract price of $34,992.00.

12. Defendant NEOPTX LLC has not made any payments in accordance with the invoices.

13. A total balance of $298,432.80 plus interest at the statutory rate remains due.

## First Cause of Action: Breach of Contract

14. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth here at full length.

15. In exchange for the various eyewear and pouches manufactured by plaintiff Pilot Optics and sold to defendant NEOPTX LLC, the latter agreed to pay the former $298,432.80.

16. Plaintiff Pilot Optics performed its obligations under the contract by delivering such eyewear and pouches to defendant NEOPTX LLC at the latter's designated place of delivery.

17. NEOPTX LLC received the shipments and accepted delivery of the goods without protest.

18. Plaintiff Pilot Optics properly and correctly invoiced defendant NEOPTX LLC for such goods.

19. Defendant NEOPTX LLC failed to make full payment for such goods, notwithstanding plaintiff Pilot Optics timely demand for payment of the debt due.

20. By reason of the aforesaid, plaintiff Pilot Optics sustained damages in the amount of $298,432.80, plus interest at the statutory rate and costs.

**Second Cause of Action: Account Stated**

21. Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth here at full length.

22. Defendant NEOPTX LLC expressly agreed to purchase the aforesaid goods from plaintiff Pilot Optics.

23. Defendant NEOPTX LLC expressly agreed to pay the amounts specified in the Invoices.

24. Plaintiff Pilot Optics delivered the aforesaid goods as specified in the invoices.

25. Plaintiff Pilot Optics presented the accounts stated by sending the invoices to defendant NEOPTX LLC, which constituted the bill for the goods delivered.

26. Plaintiff Pilot Optics' invoices are correct and accurate as they reflect the dollar amounts agreed to by NEOPTX LLC for the purchase of the goods.

27. NEOPTX LLC accepted delivery of the goods without objection or protest.

28.     NEOPTX LLC received the invoices from plaintiff Pilot Optics as a bill for the sale of the delivered goods without objection.

29.     NEOPTX LLC retained the Invoices without objection as to the stated amounts contained therein.

30.     NEOPTX LLC has failed to remit payment of the debt although it has been in possession of the Invoices beyond a reasonable amount of time.

31.     Although plaintiff Pilot Optics made a written demand for payment of the amount due, defendant NEOPTX LLC remains delinquent in providing payment.

32.     By reason of the aforesaid, plaintiff Pilot Optics has sustained damages in the amount of $298,432.80, plus interest at the statutory rate and costs, and, based upon the cause of action in account stated, plaintiff Pilot Optics is entitled to a judgment against defendant NEOPTX LLC for having failed to pay the debt that was properly billed, pursuant to the invoices, which invoices were timely sent in due course for the purchase of the goods that plaintiff Pilot Optics delivered.

### Third Cause of Action: Unjust Enrichment

33.     Plaintiff repeats and re-alleges the foregoing paragraphs as if set forth here at full length.

34.     Defendant NEOPTX LLC was enriched by accepting delivery of the aforesaid goods.

35.     Plaintiff Pilot Optics is impoverished in the value of the goods delivered to defendant NEOPTX LLC.

36.     Defendant NEOPTX LLC's enrichment is connected to plaintiff Pilot Optics' impoverishment as defendant NEOPTX LLC accepted delivery of the goods without providing payment to plaintiff Pilot Optics.

37.     Defendant NEOPTX LLC has no justification for keeping, using, or reselling the goods without payment to plaintiff Pilot Optics.

38.     By reason of the aforesaid, defendant NEOPTX LLC has been unjustly enriched in the amount of $298,432.80, plus interest at the statutory rate and costs, and, based upon the cause of action in unjust enrichment due to defendant's failure to pay plaintiff said amount, and plaintiff Pilot Optics is thus entitled to a judgment against defendant NEOPTX LLC therefor.

**Jury Demand**

39.     Plaintiff demands a trial by jury as to all issues so triable.

\*\*\*

WHEREFORE, plaintiff Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics demands judgment against defendant: (a) for $298,432.80; (b) for prejudgment interest at the statutory rate from the date of loss, plus costs; and (c) for such other and further relief as this court deems proper and just.

Dated:  New York, New York
        July 1, 2020

MAZZOLA LINDSTROM LLP

Jean-Claude Mazzola
*Attorneys for plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
Tel: (646) 216-8585
jeanclaude@mazzolalindstrom.com

To:   NEOPTX, LLC
      3201 Commerce Parkway
      Miramar, Florida 33025

7