UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60114-SMITH/VALLE

ZHEJIANG DONGRI IMPORT &
EXPORT CO., LTD.,

    Plaintiff,

v.

NEOPTX, LLC,

    Defendant,

and

BANK OF AMERICA, N.A.,

    Garnishee.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Final Judgment of Garnishment (ECF No. 34) (the "Motion"). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 35).

Having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED**.

### I.    BACKGROUND

On October 27, 2020, the Court entered a Final Default Judgment in favor of Plaintiff Zhejiang Dongri Import & Export Co., Ltd., and against Defendant Neoptx LLC (the "Defaulted Defendant"), in the amount of $298,432.80, plus $465 in costs. *See* (ECF No. 26). On November 17, 2020, Plaintiff moved for a Writ of Garnishment against Bank of America, NA ("BOA"), which the Court entered the next day. *See* (ECF Nos. 27, 28). On November 19, 2020, BOA filed its Answer of Garnishee and

Demand to Plaintiff for Payment of Attorney's Fees. *See* (ECF No. 29). In its Answer, BOA asserts that it has the following proceeds of the Defaulted Defendant:

Garnishee has set aside the following sums:

| Account Number(s) | Amount Set Aside |
|---|---|
| xxxx-xxxx-1424 | $20,017.35 |
| xxxx-xxxx-1411 | $11,402.43 |
| xxxx-xxxx-1437 | $1,250.22 |

*See* (ECF No. 29 at 2). BOA also asserts that it has incurred a processing fee of $125, which it has deducted from the funds listed above. *Id.* Lastly, pursuant to Florida Statute § 77.28, BOA requests an additional garnishment fee of $100 to be paid by Plaintiff to partially cover BOA's attorney's fees. *Id.*

On January 13, 2021, the instant Motion followed. (ECF No. 34). To date, there has been no claim of exemption or other filing in this case.

## II.  DISCUSSION

In response to a writ of garnishment, BOA filed its Answer, admitting that it serviced three accounts held by the Defaulted Defendant. *See generally* (ECF No. 29). These accounts contained funds that may be subject to garnishment. *Id.* at 2. Pursuant to Florida Statute §§ 77.041 and 77.055, Plaintiff provided Notice of Garnishment to the Defaulted Defendant and further advised that the Defaulted Defendant must move to dissolve the writ within the statutory time allotted or be defaulted. *See* (ECF Nos. 30, 31). To date, the Defaulted Defendant has failed to appear or otherwise respond to the Motion. Accordingly, Plaintiff has met the statutory requirements for a judgment of garnishment and Plaintiff's Motion should be granted.

Similarly, the Court should also grant BOA's request for a $100 statutory garnishment fee. Fla. Stat. § 77.28 (providing that upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand for the payment). In this regard, BOA may offset the $100 from the proceeds of the Defaulted Defendant, as permitted under Florida Statute § 77.28. *See* Fla.

Stat. § 77.28 (the amount of attorney's fees is "subject to offset by the garnishee against the defendant whose property or debt owing is being garnished.").

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Final Judgment of Garnishment (ECF No. 34) be **GRANTED**.  The Court should enter final judgment as follows:

1. BOA shall pay Plaintiff Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics, the sum of $32,570,[1] which is to be credited against the Plaintiff's Judgment against Defendant.  BOA's liability under the Final Judgment of Garnishment is limited to this amount.

2. All payments should: (i) be payable to Zhejiang Dongri Import & Export Co., Ltd., d/b/a Pilot Optics; (ii) reference file number 20200081; and (iii) be mailed to Plaintiff's attorney, Robin S. Moselle, P.A., at 151 N. Nob Hill Road, Suite 249, Plantation, FL 33324.

3. BOA is directed to release any "hold" it may have on any safe deposit box(es).

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 2, 2021.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record

---

[1] Pursuant to Florida Statute § 77.28, this amount includes a $100 reduction in proceeds to account for BOA's attorney's fees.